David OVERTON and Jerome
I. Kransdorf, Plaintiffs,

v.

TODMAN & CO., CPAS, P.C. and Trien,
Rosenberg, Rosenberg, Weinberg, Ci-
ullo, & Fazzari, LLP, Defendants.

No. 05 Civ. 7956(JES).

United States District Court,
S.D. New York.

April 17, 2008.

Hutner, Klarish, LLP, Eric S. Hutner,
Esq., of Counsel, New York, NY, for Plain-
tiffs.

Babchik & Young, LLP, Jordan Sklar,
Esq., of Counsel, White Plains, NY, for De-
fendants.

Brunelle, Hadjikow & Weltz, P.C., George
Brunelle, Esq., of Counsel, New York, NY,
pro se.

Katsky Korins, LLP, Joshua S. Margolin,
Esq., of Counsel, New York, NY, pro se.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Plaintiffs, David Overton and Jerome I.
Kransdorf, brought the above-captioned ac-
tion against defendants, Todman & Co.,
CPAs, P.C., and Trien, Rosenberg, Rosen-
berg, Weinberg, Ciullo & Fazzari, LLP, for
violations of Section 10(b) of the Securities
Exchange Act of 1934, 15 U.S.C. § 78j(b),
and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5,
breach of contract, professional negligence,
common law fraud, and negligent misrepre-
sentation. Essentially, plaintiffs charge de-
fendants with performing deficient audits
that allegedly allowed defendants' client, Di-
rect Brokerage, Inc. ("DBI"), to hide mount-
ing payroll tax obligations. Defendants
brought a third-party action against DBI and
a variety of its former officers. Currently
before the Court is defendants' Motion to
Compel the production of certain documents
responsive to a Subpoena Duces Tecum
served on various non-parties. The Court
heard Oral Argument on March 4, 2008. For
the reasons set forth below, the Court hereby
denies in part defendants Motion to Compel
and reserves decision as to the remaining
documents in dispute.

## BACKGROUND

DBI, third-party defendant and subject of
the charge of failure to remit payroll obli-
gations, is not readily available to respond to
discovery and has failed to answer defen-
dants' Third–Party Complaint. *See* Defs.'
Mem. of Law, dated Dec. 27, 2007, ("Defs.'
Mem.") at 2. Though it is still listed as an
"active" corporation on the New York State
Department of State website, *see* Aff. of Jor-
dan Sklar, dated December 26, 2007 ("Sklar

Aff."), Ex. F, and has not been dissolved, *see* Aff. of Eniko Henits, dated March 27, 2008, ("Henits Aff.") ¶ 1, it is "no longer actively in business," *see id.* ¶ 5. Because defendants could not obtain the subject documents from DBI itself, they served subpoenas on various non-parties seeking production of documents concerning "how it came to pass that DBI failed to remit its payroll tax obligations" and general information about DBI. *See* Defs.' Mem. at 2. These non-parties include: (1) DBI's former counsel, Kostelanetz & Fink, LLP; Eaton & Van Winkle, LLP; and Brunelle, Hadjikow & Weltz, P.C.; (2) an accountant retained by one of these firms, Integrated Management Systems; (3) and counsel for one of DBI's lenders, Katsky, Korins, LLP. Each has refused to produce some of the responsive documents based on the attorney-client or work product privilege.[1] Eniko Henits, President of DBI, and Thomas Flynn, one of its officers, filed affidavits with the Court explicitly refusing to waive the privilege and "request[ing] protection of the privileges of Direct Brokerage, Inc. and those of its former personnel." *See* Henits Aff. ¶ 7; Aff. of Thomas Flynn, dated Mar. 29, 2008, ("Flynn Aff.") ¶ 7.

## DISCUSSION

▇ Motions to compel are "entrusted to the sound discretion of the district court." *See American Sav. Bank, FSB v. UBS PaineWebber, Inc.,* 330 F.3d 104, 108 (2d. Cir.2003) (citations omitted). The party invoking the privilege bears the burden of establishing its applicability. *See In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002,* 318 F.3d 379, 384 (2d Cir.2003). The Court finds that the subpoenaed non-parties have met that burden as to certain documents.

Defendants argue that (1) there are no attorney-client or work product privileges to assert (or no one with standing to assert them) since DBI is defunct; (2) that, if such privileges existed, they have been waived; and (3) that any such privileges are inapplica-ble to many of the documents that were not produced. *See* Defs.' Mem. at 3–6.

▇ First, defendants cite case law for the proposition that when a corporation is no longer an ongoing business, there is no one with authority to properly invoke the attorney-client privilege and that there is essentially no privilege to assert. *See Gilliland v. Geramita,* 2006 WL 5277963, 2006 U.S. Dist. LEXIS 65546, No. 05–1059 (W.D.Pa. Sept. 14, 2006). This case is clearly inapposite, as both the President and another former officer of DBI have asserted the attorney-client privilege in affidavits submitted to the Court. *See* Henits Aff. ¶ 7; Flynn Aff. ¶ 7. Since DBI is technically still an active corporation, as Ms. Henits and Mr. Flynn have stated that they are "still [DBI's] President" and "still one of its officers," *see* Henits Aff. ¶ 1; Flynn Aff. ¶ 1, and a corporation's current management controls the attorney-client privilege, *see Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 351–52, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), the Court finds that DBI's privilege exists and has been properly asserted.

Second, as to waiver, defendants argue that as assignees of DBI, plaintiffs hold the power to exercise the privileges and they have affirmatively advised the non-parties that they "will *not* assert any such privilege." *See* Sklar Aff., Ex. O (emphasis in original). The Court cannot conclude that plaintiffs have this power. Not only is it unclear from the face of the assignment whether it includes the power to assert privileges on behalf of DBI, but defendants have argued that the assignment is invalid. *See id.,* Exs. B, Am. Compl. ¶ 16 & C, Defs.' Amended Answer ¶¶ 50, 61, 63, 65, 67. Additionally, plaintiffs submitted an affidavit to the Court noting that it "obtained a limited assignment of claims which DBI has against defendants, and thus plaintiffs have the *right* to prosecute those claims, not the responsibility." *See* Aff. of Eric S. Hutner, dated Jan. 29, 2008, at 2 (emphasis in original). Therefore, the Court cannot find, based on this record,

---

1. DBI's former accountant (Integrated Management Systems) asserted a privilege under *United States v. Kovel,* 296 F.2d 918 (2d Cir.1961), which held that the privilege can protect commu-nications between a client and his accountant or the accountant and the client's attorney when the accountant's role is to clarify communications between attorney and client. *See id.* at 922.

that plaintiff's assertion can or does constitute a valid waiver of DBI's privileges.

Finally, defendants argue that the privileges are inapplicable because many of the documents appear to pertain to strictly business considerations and do not pertain to purely legal advice. *See Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). In order to determine whether these documents fall under the properly asserted attorney-client and work product privileges, the Court would need to review the documents *in camera.*

The subpoenaed non-parties have met their burden of showing that the attorney-client and work product privileges are available to DBI and have presented affidavits from DBI's management asserting the privileges. Therefore, as to those documents for which all parties agree that the attorney-client and work product privileges would apply if properly asserted and available, the Motion to Compel is denied. As to those documents over which it is disputed whether the privileges are applicable due to the nature of the documents themselves, the Court will conduct an *in camera* review upon request.

## CONCLUSION

For the reasons stated above, defendants' Motion to Compel shall be and hereby is denied in part. As to the documents still in dispute, the Court hereby reserves decision.

It is **SO ORDERED.**